[Civ. No. 50713. Second Dist., Div. Three. Sept. 27, 1977.]

HENRY M. DI SUVERO, Plaintiff and Appellant, v.
COUNTY OF LOS ANGELES et al., Defendants and Respondents.

---

**COUNSEL**

Mark D. Rosenbaum, Fred Okrand, Jill Jakes, Gary Sowards and Terry Smerling for Plaintiff and Appellant.

John H. Larson, County Counsel, and John P. Farrell, Deputy County Counsel, for Defendants and Respondents.

---

**OPINION**

**FORD, P. J.**—Plaintiff brought a taxpayer's action against Robert E. Wenke, as Presiding Judge of the Superior Court of Los Angeles County,

Jack E. Goertzen, as Supervising Judge of the Criminal Courts of the Superior Court of Los Angeles County, and the County of Los Angeles for the purpose of enjoining the defendants from expending public funds in the implementation of a policy of the court that is embodied in a petition to proceed in propria persona which a defendant in a criminal case is requested to complete if he desires to represent himself. Defendants' general demurrer to the complaint was sustained without leave to amend. Plaintiff has appealed from the ensuing order of dismissal.

In the complaint it is alleged that "pursuant to uniform procedures and uniform policy relative to criminal matters heard within the Superior Courts of the State of California, County of Los Angeles, Central District, judges presiding in said courts request that criminal defendants who wish to exercise their constitutional right to self-representation sign and agree to the terms of a prepared 'Petition to Proceed In Propria Persona' as a condition precedent to that exercise." It is further alleged: ". . . judges presiding in said Courts do not inform said criminal defendants that they are not required to sign and agree to the terms of the Petition in order to exercise their constitutional right to self-representation. As a result, said criminal defendants do in fact reasonably believe that they must sign and agree to the terms of the Petition in order to represent themselves."

The illegality of the judicial action is alleged to be that the provisions of the petition "infringe, deny, and deter the exercise of criminal defendants' constitutional and statutory rights" in designated respects.

With relation to the county it is alleged: "Defendants have spent and will spend, unless enjoined by this Court, public funds of the County of Los Angeles in the enforcement and execution of the said Petition."

■ The primary question to be resolved is whether a taxpayer's action may be employed to enjoin judicial functions or actions. Since no authority has been cited by counsel or found by this court in the course of its independent research which affords a ready answer, consideration must first be given to the nature of a taxpayer's action. In speaking of section 526a of the Code of Civil Procedure,[1] the Supreme Court stated

---

[1]Section 526a is in part as follows: "An action [by a taxpayer] to obtain a judgment, restraining and preventing any illegal expenditure of, waste of, or injury to, the estate, funds, or other property of a county, town, city or city and county of the state, may be maintained against any officer thereof, or any agent, or other person, acting in its behalf . . . ."

in *Blair* v. *Pitchess,* 5 Cal.3d 258, at pages 267-268 [96 Cal.Rptr. 42, 486 P.2d 1242, 45 A.L.R.3d 1206]: "The primary purpose of this statute, originally enacted in 1909, is to 'enable a large body of the citizenry to challenge governmental action which would otherwise go unchallenged in the courts because of the standing requirement.' (Comment, *Taxpayers' Suits: A Survey and Summary* (1960) 69 Yale L.J. 895, 904.)"

In *Ahlgren* v. *Carr,* 209 Cal.App.2d 248, at page 253 [25 Cal.Rptr. 887], the court quoted the following law review comment (50 Harv.L.Rev. 1276, 1283): " 'The taxpayers' suit must then be understood as not only a means of vindicating individual rights but as a governmental device to safeguard the legal restrictions on state and local governments, which, if not subjected to the careful scrutiny of individual taxpayers, might well become dead letters. The importance of the latter factor is indicated by the enactment of statutes allowing such suits in those jurisdictions in which judicial interpretation of ordinary legal principles had denied the taxpayer's status to sue. The overwhelming acceptance of such suits is in keeping with the distrust of executive and administrative self-restraint in the use of the spending power and with the readiness to allow the courts to assume the role of arbiter in the governmental scheme.' "

It is manifest that taxpayers' suits constitute a most effective means by which to bring questionable official conduct under judicial scrutiny. Thereby relief is afforded where otherwise there might be none. (See Mains, *California Taxpayers' Suits: Suing State Officers Under Section 526a of the Code of Civil Procedure* (1976) 28 Hastings L.J. 477, 482, 485.) But, turning to the case presently before this court, the validity of the court policy embodied in the challenged petition is a potential issue in every criminal case in which a defendant elects to represent himself. Such a defendant not only has standing but is already before the court and has open to him immediate and plenary recourse within the judicial system with respect to any claimed violation of his constitutional rights.[2] (See *Gould* v. *People,* 56 Cal.App.3d 909, 922 [128 Cal.Rptr. 743].) Resort to a taxpayer's action is unnecessary in a matter such as this where a ready hearing is available to a person directly affected by the court policy which plaintiff seeks to challenge in the present case.

It is manifest that while the County of Los Angeles is a source of funds

---

[2]The fact that a defendant determines to represent himself is no bar, legally or practically, to his seeking an appropriate writ from an appellate court if his constitutional challenge is denied in the trial court. Experience has shown that persons acting in propria persona are usually adept in seeking relief by way of a writ.

for the operation of the superior court, it is the court and not the county that is responsible for the challenged policy and the use of funds in its implementation. Action against the county cannot constitutionally be used as a means of doing indirectly that which cannot be done directly and thus undermining the independence of the judiciary.

The defendants' general demurrer was properly sustained without leave to amend.

The order of dismissal is affirmed.

Allport, J., and Potter, J., concurred.

A petition for a rehearing was denied November 1, 1977, rule 27(e), California Rules of Court. Appellant's petition for a hearing by the Supreme Court was denied November 25, 1977. Bird, C. J., and Newman, J., were of the opinion that the petition should be granted.